UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KEITH M. CLOUDY | ) | |
| | ) | |
| v. | ) | No. 2:16 CV 392 |
| | ) | (arising from No. 2:13 CR 147) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

## OPINION and ORDER

Keith Cloudy has filed a motion (DE # 46) challenging his sentence pursuant to 28 U.S.C. § 2255. For the reasons identified below, Cloudy's motion will be denied.

## I. BACKGROUND

On May 15, 2014, pursuant to his plea agreement with the government, Cloudy pleaded guilty to knowingly and intentionally possessing with intent to distribute crack cocaine. (DE # 26.) On August 12, 2015, this court sentenced Cloudy to a term of imprisonment of 57 months, a term of supervised release, forfeiture of property, and payment of a special assessment. (DE # 44.)

Cloudy now moves to vacate his sentence, identifying two grounds which he believes entitles him to relief. (DE # 46.) First, Cloudy argues that he received ineffective assistance of counsel during the sentencing phase of his case. According to Cloudy, his counsel failed to object to the Probation Office's recommendation in the Presentence Investigation Report ("PSI") that Cloudy receive a two-point sentence enhancement for his possession of a firearm in connection with his offense, pursuant to United States Sentencing Guideline ("the Guidelines") 2D1.1(b)(1). Cloudy argues that his counsel should have asked this court to reject this enhancement so that he would be eligible for

early release upon completion of a residential drug program. (*Id.* at 9.) In Ground Two, Cloudy argues that the two-point gun enhancement is no longer valid after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

II.     **LEGAL STANDARD**

A § 2255 motion allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. Rule 4 of the Rules Governing § 2255 Proceedings requires the court to promptly examine the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

III.    **DISCUSSION**

In his plea agreement, Cloudy explicitly agreed to waive his right to challenge any aspect of his conviction or sentence, including a challenge pursuant to 28 U.S.C. § 2255, with the exception of a claim of ineffective assistance of counsel directly relating to the negotiation of his plea agreement. "Appeal waivers in plea agreements are typically enforceable. However, for an appeal waiver to bar review, the issue appealed 'must fall within its scope.'" *United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014) (internal citations omitted). Here, Cloudy raises issues that fall directly within the scope

of his appeal waiver.[1]

Moreover, appeal waivers, such as the waiver in Cloudy's plea agreement, are enforceable unless a defendant makes a claim of ineffective assistance of counsel regarding the negotiation of the plea agreement, or some other claim which invalidates the plea agreement (e.g., the defendant did not enter the agreement knowingly and voluntarily). *See Hurlow v. United States*, 726 F.3d 958, 964-66 (7th Cir. 2013); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Here, Cloudy has not alleged that he did not enter the plea agreement knowingly and voluntarily. Moreover, his claim of ineffective assistance of counsel pertains to his attorney's failure to object to the PSI – which was issued nine months *after* Cloudy entered his plea of guilty. Finally, in his plea agreement, Cloudy expressly agreed to the two-point enhancement, stating "The United States of America and I agree that I qualify for a two-level enhancement pursuant to U.S.S.G. Section

---

[1] Cloudy's appeal waiver states the following:
I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, **I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the negotiation of this plea agreement,** including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.
(DE # 21 at 5 (emphasis added).)

2D1.1(b)(1) for possession of a dangerous weapon." (DE # 21 at 4.) Thus, Cloudy's waiver of his right to file the present § 2255 motion remains valid, requiring the summary disposition of his § 2255 motion.

IV.     CONCLUSION

For these reasons, it "plainly appears from the face of the motion . . . and the prior proceedings in the case" that Cloudy is not entitled to relief, and thus this court is required to dismiss his § 2255 motion pursuant to Section 2255 Habeas Corpus Rule 4. Accordingly, Cloudy's motion to vacate pursuant to 28 U.S.C. § 2255 (DE # 46) is summarily **DENIED** and **DISMISSED**. The court also **DENIES** Cloudy's "Motion for Immediate Consideration" (DE # 49) as moot. The court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** dismissing the collateral civil proceeding (2:16 CV 392) with prejudice, and to give notice to defendant-movant Cloudy.

SO ORDERED.

Date: May 25, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT